UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DAVID O. FREDRICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-285 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On January 20, 2004, plaintiff filed his application for benefits, alleging an August 2002 onset of disability. (A.R. 49-51, 64). Plaintiff's disability insured status expired on December 31, 2006. Plaintiff claim was denied on initial review. (A.R. 22).

On April 27, 2006, plaintiff received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 558-85). On June 21, 2006, an ALJ issued her decision finding that plaintiff was not disabled because he was capable of performing his past relevant work as a machine operator. (A.R. 16-21).

Plaintiff filed an application for discretionary review by the Appeals Council. Plaintiff argued that the ALJ's finding that he was capable of performing his past relevant work as a machine operator was not supported by substantial evidence and that the ALJ had failed to give sufficient deference to the opinion of his treating Psychiatrist, Neal Fellows, D.O. (A.R. 550-52).

On December 7, 2007, the Appeals Council granted plaintiff's request for review. (A.R. 553-56). Dr. Fellows submitted a January 3, 2008 letter in support of plaintiff's application for DIB benefits. (A.R. 557). The record shows that Dr. Fellows had long supported an award of social security disability benefits to his patient. (A.R. 436, 547-49). On February 13, 2008, the Appeals Council issued its decision finding that plaintiff was not disabled from his alleged onset of disability through June 21, 2006 (the date of the ALJ's decision), because he was capable of performing his past relevant work as a janitor. (A.R. 8-10). In reaching its decision, the Appeals Council rejected plaintiff's argument that too little weight had been given to Dr. Fellows's opinion:

> The claimant's representative contended that the Administrative Law Judge did not properly address the medical source statement of the claimant's treating provider, Neal Fellows, D.O. However, the Appeals Council finds that the Administrative Law Judge properly evaluated the medical source statement of Dr. Fellows and provided adequate rationale in giving little weight to his opinion.

(A.R. 9). The Appeals Council's decision is the Commissioner's final decision before the court for review.

On March 26, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Plaintiff's brief raises two issues:

I.   PROPER CONTROLLING WEIGHT WAS NOT GIVEN TO THE OPINIONS OF THE CLAIMANT'S TREATING PSYCHIATRIST[.]

II.  BOTH THE ADMINISTRATIVE LAW JUDGE AND THE APPEALS COUNCIL ERRED IN DETERMINING THAT THE CLAIMANT COULD PERFORM PAST RELEVANT WORK[.]

(Statement of Errors, Plf. Brief at 3, docket # 9). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he

Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### **Discussion**

Plaintiff's testimony and the other proofs concerning his activities since the alleged onset of his disability in 2002 can be summarized as follows:

Plaintiff has a bachelors degree in history and a law degree. (A.R. 561-62). He obtained his law degree from the University of Michigan in 1978. (A.R. 388). Plaintiff testified that after his father's death in September of 2002, he had performed work helping his mother with her finances and had received $5000 in payment for his services. (A.R. 563). Part of the work he performed after his alleged onset of disability was helping his mother with legal and financial matters, such as selling real estate, dealing with bank trust departments, and working on the estate tax return. (A.R. 570). Plaintiff reported inheriting over $200,000 in stocks and bonds, and he used some of than money for his November 2002 trip to Hawaii. (A.R. 289-90). Plaintiff's medical records reflect that in May of 2004 he was assisting his mother with opening up their cottage in Glen Lake. (A.R. 431). Records dated June 8, 2004, indicate that he disagreed with his older brother on whether a family trust fund should be liquidated before their mother's death. (A.R. 432). On August 3, 2004, plaintiff related that he was assisting his mother with the purchase of a condominium. (A.R. 430). On November 4, 2004, plaintiff reported that he was working at his family's farm on a daily basis. (A.R. 434). Plaintiff and his mother took a three-week trip to California from mid-December

2005 to January 2006. Plaintiff drove the car during this extended California vacation. (A.R. 575). Plaintiff informed Dr. Fellows that he had enjoyed himself on this trip and "went to a number of cultural events [and] nice restaurants." (A.R. 520-21).

Plaintiff further testified that when he decides that he is so depressed or so excited that he needs to self-medicate, he will start drinking. (A.R. 571). Although he drinks less than he did when he was younger, plaintiff reported that it "wouldn't be unusual" for him to drink a pint of vodka in a day. (A.R. 571). Plaintiff testified that he shopped for groceries, washed his own laundry, drove his car on a daily basis, and read newspapers and books. (A.R. 573-74). Plaintiff watched "a lot" of television and attended church about fifteen times a year. (A.R. 575). Plaintiff's daily activities included trips to the Civic Center pool for a swim and a sauna, buying some groceries, and coming home and watching television. (A.R. 576). Plaintiff testified that he met with his psychiatrist once every eight to twelve weeks. He met with his case worker on an irregular basis when he felt like discussing something, totaling approximately four or five visits a year. (A.R. 568).

The Appeals Council found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of August 23, 2002, through the date of the ALJ's decision. (A.R. 9). Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. The ALJ found that plaintiff had the following severe impairments: "bipolar disorder and alcohol dependence." (A.R. 10). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The Appeals Council determined that plaintiff's subjective complaints were not fully credible. It found that plaintiff retained the residual functional capacity "to perform one-to-two step tasks and should have no more than occasional contact with the public, co-workers and supervisors." (A.R.

10). The Appeals Council held at step 4 of the sequential analysis that plaintiff was not disabled because his RFC did not preclude him from performing his past relevant work as a janitor. (A.R. 10). The Appeals Council held that plaintiff was not disabled from his alleged onset of disability through June 21, 2006. (A.R. 10).

**1.**

Plaintiff argues that the Appeals Council failed to give sufficient deference to Dr. Fellows's opinion. (Plf. Brief at 4-6). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Gaskin v. Commissioner*, 280 F. App'x 472, 474 (6th Cir. 2008). "Generally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008)("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The Appeal Council "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling

weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

The Appeals Council agreed with the ALJ's findings that the restrictions proffered by Dr. Fellows's opinion were "inconsistent with the claimant's work history, ability to handle family finances, and activities, which includ[ed] attending church, driving to California once a year and going to the Civic Center regularly to swim and use [the] sauna." (A.R. 20).  Further, the Appeals Council agreed that the findings of the state agency medical consultants were entitled to significant weight because they were "consistent with the evidence." (A.R. 20).  The Appeals Council held that the ALJ "properly evaluated the medical source statement of Dr. Fellows and provided adequate rationale in giving little weight to his opinion." (A.R. 9).  I find no error in the Appeals Council's decision declining to give controlling weight to Dr. Fellows's opinion.

**2.**

Plaintiff argues that the ALJ and the Appeals Council erred in finding that plaintiff was capable of performing his past relevant work as a janitor. (Plf. Brief at 6). Plaintiff's argument is unsupported by any legal authority. It is quoted verbatim, in its entirety, below:

> The decision of the Appeals Council further requires reversal. The Council decided that Mr. Fredrickson could perform his past relevant work as a janitor. However, no testimony exists on the record that employment as a janitor constituted past relevant work or that Mr. Fredrickson was capable of such work currently. The Administrative Law Judge's finding that Mr. Fredrickson could perform his past relevant work as a machine operator is erroneous, as Mr. Fredrickson has not worked as a machine operator in the past fifteen years.

(Plf. Brief at 6). Plaintiff's argument with regard to the "ALJ's decision" must be disregarded. The Appeals Council's decision is the final decision of the Commissioner before this court for review. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). The decision of the ALJ regarding plaintiff's suitability

for the machine operator's job is irrelevant, as it was superseded by the finding of the Appeals Council. The administrative record shows that plaintiff worked as a janitor in a mall from October 1999 through February 2002. (A.R. 69, 101, 128). This provides more than substantial evidence supporting the Appeals Council's determination that plaintiff's past relevant work included work as a janitor. Plaintiff's argument fails to recognize that at step 4 of the sequential analysis it was his burden to establish that he was unable to perform his past relevant work as a janitor. *See Cruse v. Commissioner*, 502 F.3d 532, 540 (6th Cir. 2007); *Jones v. Commissioner*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Wilson v. Commissioner*, 280 F. App'x 456, 460 (6th Cir. 2008). Plaintiff did not carry his burden. The Appeal's Council's decision finding that plaintiff was not disabled because he was capable of performing his past relevant work as a janitor is supported by more than substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: February 24, 2009        /s/ Joseph G. Scoville
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).